131 F.3d 146
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Lawrence DAWSON, Plaintiff-Appellant,
v.
William GASPAR; John Doe Wadley; John Granberry; George
Loeffler; John Doe Hollar; Jane Doe Worman;
William Streit, Defendants-Appellees.
 No. 97-15244.
 United States Court of Appeals, Ninth Circuit.
 Submitted November 17, 1997**
Decided November 20, 1997.
 
 Appeal from the United States District Court for the District of Arizona, No. CV-93-00702-RMB; Richard M. Bilby, District Judge, Presiding.
 Before: HUG, Chief Judge, PREGERSON and BEEZER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Lawrence Dawson, an Arizona state prisoner, appeals pro se the district court's summary judgment for defendants in his 42 U.S.C. § 1983 action alleging denial of due process, deprivation of property and interference with his right of access to the courts in violation of the Fourteenth Amendment.[1] We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the district court's grant of summary judgment, see Barnett v. Centoni, 31 F.3d 813, 815 (9th Cir.1993) (per curiam), and we affirm.
 
 
 3
 Because Dawson's disciplinary sanctions did not impose an "atypical and significant hardship," Sandin v. Conner, 115 S.Ct. 2293, 2300 (1995), the district court did not err by granting summary judgment for defendants on his due process claim. See Rhodes v. Chapman, 452 U.S. 337, 347 (1981) (stating that conditions of confinement may be restrictive and harsh without violating the Constitution).
 
 
 4
 Because Dawson failed to present evidence that he did not have an adequate state-law post-deprivation remedy, the district court properly granted summary judgment for defendants on his claim that defendants deprived him of property without due process in violation of the Fourteenth Amendment. See Hudson v. Palmer, 468 U.S. 517, 533 (1984); Barnett, 31 F.3d at 816.
 
 
 5
 Because the evidence submitted by Dawson in support of his access to the courts claim was insufficient to establish that the inadequacies of the prison law library, the new movement policy, or prison officials' alleged failure to accommodate his handicaps led to the dismissal of a non-frivolous claim, the district court properly granted summary judgment for defendants on his access-to-the-courts claim. See Lewis v. Casey, 116 S.Ct. 2174, 2180-81 (1996).
 
 
 6
 Because Dawson did not submit an affidavit stating what information he expected to obtain through additional discovery and how this information would preclude summary judgment, the district court did not err by granting summary judgment without granting Dawson's requests for stays of the proceedings to conduct discovery. See Barona Group of the Capitan Grande Band of Mission Indians v. American Management & Amusement, Inc., 840 F.2d 1394, 1400 (9th Cir.1987).
 
 AFFIRMED.[2]
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4. Accordingly, Dawson's request for oral argument is denied. We also deny Dawson's second motion for an extension of time to file an optional reply brief and appellees' motion to strike certain exhibits in Dawson's appendix of exhibits
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Because Dawson did not raise issues concerning provision of personal hygiene supplies or the Arizona Department of Correction's standard of indigency before the district court, we decline to consider these issues on appeal. See International Union of Bricklayers & Allied Craftsman Local Union No. 20 v. Martin Jaska, Inc., 752 F.2d 1401, 1404 (9th Cir.1985). Similarly, because Dawson did not move to amend his complaint below and the district court addressed his claim that failure to accommodate his disability impeded his access to the courts, we decline to consider Dawson's claims that the district court erred by not allowing him to amend his complaint and by failing to address his accommodation claim. See id
 
 
 [2]
 Because of our disposition of this appeal, we do not consider the applicability, if any, of the Prison Litigation Reform Act, Pub.L. No. 104-134, 110 Stat. 1321 (1996), to this appeal